IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:24CR334-1 |
| | ) | |
| VANESSA DAWN FENDERSON. | ) | |

**<u>MOTION TO CONTINUE, OR IN THE ALTERNATIVE, TO DECLARE
LOCAL RULE 83.1 UNCONSTITUTIONAL AS APPLIED</u>**

### I. INTRODUCTION

Defendant Vanessa Fenderson respectfully moves for a continuance of her trial to the July 2025 criminal term to secure substitute local counsel, thereby preserving her Sixth Amendment right to counsel of choice. In the alternative, she requests that the Court declare Local Rule 83.1(d)(1) and (2), along with related provisions, unconstitutional as applied, as they compel the ongoing involvement of discharged counsel against her express wishes. This motion stems from the Court's denial of her former local counsel's motion to withdraw and the continued enforcement of Local Rule 83.1, which mandates their participation despite Ms. Fenderson's termination of their services.

Ms. Fenderson has chosen to proceed solely with attorney Brandon Sample and has diligently attempted to retain substitute local counsel. However, the proximity of trial has rendered these efforts unsuccessful. Consequently, Local Rule 83.1 forces her to rely on attorneys she no longer trusts, who must sign filings, appear in court, and oversee litigation strategy. This motion seeks either a brief continuance to resolve these barriers or relief from the rule's unconstitutional application, ensuring Ms. Fenderson's defense proceeds on

constitutionally sound footing. The request is not for delay but to safeguard her fundamental rights and clarify her representation.[1]

## II. STATEMENT OF FACTS

On January 23, 2025, undersigned counsel Brandon Sample filed a notice of special appearance on behalf of Ms. Fenderson, pursuant to Local Rule 83.1(d)(1). (ECF 39). At that time, attorneys Jones P. Byrd, Jr. and Mark A. Jones of Bell, Davis & Pitt, PA, served as local counsel, as required by Local Rule 83.1.

On April 28, 2025, Ms. Fenderson discharged Mr. Byrd and Mr. Jones, exercising her right to proceed solely with Mr. Sample. On April 29, 2025, Mr. Byrd and Mr. Jones filed a motion to withdraw, confirming that their continued involvement was contrary to Ms. Fenderson's wishes and emphasizing that she sought to continue with chosen counsel, not to proceed unrepresented. (ECF 78).

---

[1] During the pretrial conference on May 9, 2025, Mr. Sample advised the Court that he had not previously submitted this motion in writing. This was not because he lacked the technical ability or filing credentials to do so. As the Court correctly noted during the hearing, Mr. Sample previously filed the motion to suppress on behalf of Ms. Fenderson. Rather, the reason for the delay was principled: filing this motion — or any substantive motion — would have required the continued participation of local counsel whom Ms. Fenderson had unequivocally discharged.

Under Local Rule 83.1(d)(2), local counsel must review and sign all pleadings filed with the Court, and must appear at key proceedings. As such, any filing submitted by Mr. Sample would necessarily have had to be reviewed and signed by Mr. Byrd and Mr. Jones, despite their having been fired by Ms. Fenderson on April 28, 2025. Proceeding in that manner would have directly contradicted Ms. Fenderson's stated intention to remove them from her defense and would have undermined her autonomy over the direction of her representation.

In fact, this very motion — brought to preserve her Sixth Amendment right to counsel of choice — is itself subject to that same structural constraint. Even now, it must be reviewed and signed by attorneys whom Ms. Fenderson has expressly discharged. This procedural reality illustrates the continuing nature of the constitutional conflict and underscores the necessity of the relief requested herein.

On April 30, 2025, the Court denied the motion to withdraw. (ECF 79). The Court held that, under Local Rule 83.1, Mr. Sample's special appearance requires association with a member of the bar of this Court, mandating that Mr. Byrd and Mr. Jones remain involved. (ECF 79 at 2).

Since the Court's ruling, Ms. Fenderson has diligently sought substitute local counsel but has been unable to secure representation. She contacted two local attorneys, both of whom declined to serve due to the imminent trial date.

As a result, Local Rule 83.1 compels Ms. Fenderson to proceed with attorneys she has discharged, who remain obligated to oversee her defense despite her clear termination of their services. This ongoing constraint prevents her from exercising her Sixth Amendment right to proceed solely with her chosen counsel, Mr. Sample, and places her defense in constitutional jeopardy.

### III. ARGUMENT

A. <u>The Sixth Amendment Guarantees Ms. Fenderson's Right to Retain and Discharge Counsel</u>

The Sixth Amendment protects a defendant's right to select counsel of her choice, encompassing both the right to retain a preferred attorney and to discharge unwanted counsel "for any reason or no reason." *United States v. Brown*, 785 F.3d 1337, 1344 (9th Cir. 2015). Forcing a defendant to proceed with counsel she has fired undermines this constitutional guarantee.

Here, Ms. Fenderson discharged local counsel, Mr. Byrd and Mr. Jones, on April 28, 2025, electing to proceed solely with Mr. Sample. Despite her diligent efforts to comply with Local Rule 83.1 by contacting two local attorneys—who declined due to the imminent trial—she remains bound by a rule that mandates the continued involvement of discharged counsel. Under Local Rule 83.1(d)(2), Mr. Byrd and Mr. Jones must review and sign all pleadings and appear at

proceedings directly conflicting with Ms. Fenderson's Sixth Amendment right to terminate their representation. While courts may consider trial efficiency, no compelling interest justifies denying a brief continuance to allow Fenderson to engage new local counsel.

B. Denial of Counsel of Choice Constitutes Structural Error Requiring Automatic Reversal

The Supreme Court has unequivocally held that denying a defendant's counsel of choice is a structural error, "pervad[ing] the entire trial process" and mandating automatic reversal without harmless error review. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006)(alteration added). This error is among a "very limited" class of constitutional violations that "affect the entire conduct of the proceeding from beginning to end." *Greer v. United States*, 593 U.S. 503, 513 (2021) (quoting *United States v. Davila*, 569 U.S. 597, 611 (2013)). The Fourth Circuit has reaffirmed this principle, noting that denial of counsel of choice is "highly exceptional" due to its pervasive impact. *United States v. Brown*, 2025 U.S. App. LEXIS 10322, at *10–11 (4th Cir. 2025) (citing *Neder v. United States*, 527 U.S. 1, 7 (1999)).

Local Rule 83.1's application here triggers this exact harm. By requiring discharged counsel to oversee filings, appearances, and strategy, the rule prevents Mr. Sample from representing Ms. Fenderson independently, compromising her defense at every stage. The government may argue that the presence of competent counsel mitigates harm, but *Gonzalez-Lopez* explicitly rejects such analysis, holding that "no additional showing of prejudice is required" for this violation to be complete. 548 U.S. at 152. This structural error demands relief, either through a continuance so Fenderson my hire new local counsel of her choice or by invalidating the rule's application.

C. <u>Local Rule 83.1 Is Unconstitutional As Applied to Ms. Fenderson</u>

While local rules requiring association with local counsel are generally permissible, they must yield when they infringe on fundamental constitutional rights. *See Gonzalez-Lopez*, 548 U.S. at 152. Local Rule 83.1(d)(2) mandates that local counsel "review and sign all pleadings" and "be present" at key proceedings, while subsections (c)(1) and (e)(1) prevent Ms. Fenderson from removing discharged counsel unless substitute counsel is secured—a practical impossibility given the trial's proximity. This application directly violates her Sixth Amendment right to discharge counsel.

Moreover, the rule's exemption for government attorneys under Local Rule 83.1(c)(1)–(2) creates a discriminatory burden. The government may appear without local counsel and file pleadings, while Ms. Fenderson is forced to retain discharged attorneys, undermining principles of fundamental fairness. The Supreme Court has invalidated local rules that impose arbitrary or unequal burdens without rational basis. *See Frazier v. Heebe*, 482 U.S. 641, 649 (1987) (striking down a local rule for lacking justification). A narrow ruling declaring Local Rule 83.1 unconstitutional as applied here would resolve this violation without disrupting the rule's broader validity.

D. <u>The Rule's Ongoing Application Undermines Ms. Fenderson's Defense</u>

The practical impact of Local Rule 83.1 is profound and immediate. This motion, which seeks to vindicate Ms. Fenderson's Sixth Amendment rights, required review and signatures from Mr. Byrd and Mr. Jones—attorneys she discharged. Their mandated involvement is not a mere formality and erodes Ms. Fenderson's confidence in her defense and the trust essential to effective representation. This forced relationship is constitutionally intolerable, as the attorney-client relationship is inherently personal and tied to a defendant's liberty. *See Gonzalez-Lopez*,

548 U.S. at 147–48 (describing counsel of choice as the "root meaning" of the Sixth Amendment).

A brief continuance to July 2025 would allow Ms. Fenderson to secure substitute local counsel, aligning with Local Rule 83.1 without sacrificing her rights. Alternatively, declaring the rule unconstitutional as applied would permit Mr. Sample to proceed unimpeded, ensuring a fair trial. Either remedy prevents the structural error that would otherwise necessitate reversal of any conviction the Government might obtain, and a remand for a new trial.

### III. CONCLUSION

For the foregoing reasons, Defendant Vanessa Fenderson respectfully requests that the Court continue her trial until the July 2025 criminal term,[2] to allow her an opportunity to retain substitute local counsel. In the alternative, Ms. Fenderson requests that the Court declare Local Rule 83.1(d)(1) and (2), and related provisions of Local Rule 83.1, unconstitutional as applied to her, and permit undersigned counsel to proceed without further involvement from Mr. Byrd and Mr. Jones.

This request is made not to delay, but to ensure that Ms. Fenderson's fundamental right to counsel of choice is respected, and that the proceedings may move forward on constitutionally sound footing.

---

[2] Mr. Sample is unavailable for trial in June 2025 due to preexisting obligations in other matters. Specifically, Mr. Sample is scheduled to appear at an evidentiary hearing in the District of New Jersey on June 10, 2025, which was previously continued in part due to the present case. In addition, undersigned is scheduled to appear at a separate hearing in the Eastern District of Pennsylvania on June 18, 2025, which was also previously continued because of this matter. These commitments cannot be moved again without significant prejudice to other clients.

Respectfully submitted,

/s/Brandon Sample
CRIMINAL CENTER LLC
VT Bar No 5573
1701 Pennsylvania Ave N.W. # 200
Washington, DC 20006[3]
Tel : 202-990-2500
Fax : 202-990-2600
E-mail : brandon@criminalcenter.com

/s/ Jones P. Byrd
BELL, DAVIS & PITT, P.A.
NC State Bar # 28458
100 North Cherry Street, Suite 600
Winston-Salem, NC 27101
Phone (336) 722-3700
Facsimile (336) 714-4101
E-mail: jbyrd@belldavispitt.com

/s/Mark A. Jones
BELL, DAVIS & PITT, P.A.
North Carolina Bar # 36215
100 North Cherry Street, Suite 600
Winston-Salem, NC 27101
Phone (336) 714-4122
Facsimile (336) 714-4101
Email: mjones@belldavispitt.com

---

[3] Mr. Sample is admitted to practice in Vermont and limits his practice to federal law matters before federal courts and agencies around the United States.