IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:24CR334-1 |
| | ) | |
| VANESSA DAWN FENDERSON. | ) | |

## DEFENDANT'S MOTION FOR TEMPORARY RELEASE

### I. INTRODUCTION

Vanessa Dawn Fenderson respectfully moves for temporary release under 18 U.S.C. § 3142(i) due to compelling medical circumstances. Ms. Fenderson suffers from a serious spinal condition for which she was under active orthopedic care prior to trial. The Marshals have advised that spinal surgery would not be authorized while she remains in pre-sentencing custody. Moreover, it appears to be undisputed that the Guilford County Jail lacks the capacity to provide Fenderson with this kind of specialty care.

The instant motion does not contest the Bureau of Prisons' ability to manage her care post-sentencing. Rather, the issue is the several-month gap between now and sentencing, during which Ms. Fenderson's untreated condition will likely worsen. Section 3142(i) allows for release where necessary for a compelling reason. Her continued pre-sentencing detention under these circumstances meets that standard.

### II. FACTUAL BACKGROUND

Ms. Fenderson was initially charged in state court and remained on release for a substantial period of time. Since her arrest on federal charges, she has been on pretrial release without incident from November 2023 until the return of the jury's guilty verdict in May 2025.

During this extended period, she complied with all conditions imposed by the Court and demonstrated no risk of flight or danger to the community.

Prior to trial, Ms. Fenderson had been under the care of Dr. Lance M. Macey, a board-certified orthopedic surgeon. *See,* Exhibit 1. She presented with significant lumbar spine pathology due to a herniated disc at L5-S1. Dr. Macey administered two sets of transforaminal epidural steroid injections, which provided only short-term relief. As of his last evaluation, Ms. Fenderson was unable to walk or stand for prolonged periods and had difficulty sitting, sleeping, and performing daily activities due to her pain. Based on her lack of sustained improvement, Dr. Macey referred her for surgical evaluation as the next step in her care, with surgery and rehabilitation a likely outcome.

Despite these medical issues, Ms. Fenderson was remanded following her conviction and is now housed at the Guilford County Detention Center. For a time, she was reportedly assigned to a top bunk and, due to her spinal condition, was forced to sleep on the floor. Although the U.S. Marshals now report that she has been moved to a lower bunk and is receiving her prescribed medications—including Ativan, Flexeril, Wellbutrin, and an asthma inhaler—those accommodations were not initially in place.

Her sentencing is not scheduled until September 2025—several months from now—during which time her condition will deteriorate further in the absence of timely intervention.

### III. ARGUMENT

(1) <u>Ms. Fenderson's Spinal Condition Constitutes a Compelling Reason Justifying Temporary Release</u>

Section 3142(i) permits release where there exists "a compelling reason." Ms. Fenderson's condition qualifies. According to her treating orthopedic surgeon, Dr. Lance Macey, Ms. Fenderson suffers from a serious lumbar disc herniation at L5-S1, resulting in chronic,

severe pain that interferes with her ability to sleep, sit, and walk. Conservative measures, including two epidural steroid injections, have failed. Dr. Macey has concluded that surgical decompression is likely necessary, followed by a post-operative recovery period of up to twelve weeks.

Ms. Fenderson was under active medical evaluation and was expected to undergo a spinal surgery evaluation prior to trial. Her condition is not speculative, subjective, or unsupported—it is medically documented and urgent. Continued confinement without access to the necessary treatment places her at significant risk of further deterioration, prolonged pain, and possible permanent injury.

(2)     <u>Guilford County Detention Center Cannot Provide the Care She Needs</u>

The United States Marshals Service has advised undersigned counsel that it will not authorize or pay for spinal surgery while Ms. Fenderson remains in pre-sentencing custody. That restriction effectively forecloses the course of treatment her provider was actively pursuing before trial. As reflected in Dr. Lance Macey's recent letter, Ms. Fenderson has received two rounds of transforaminal epidural steroid injections, which provided only temporary relief. Her symptoms—including persistent lower back pain, limited mobility, and impaired sleep—have continued despite conservative treatment. Based on this lack of sustained improvement, Dr. Macey referred her for surgical evaluation as the next step in her care.

That evaluation has yet to occur—not because it is unwarranted, but because the timing of trial and her subsequent remand made it impossible. There is every indication, based on her clinical course and Dr. Macey's findings, that surgical intervention is a likely outcome of that consult. Yet under current policy, neither the consultation nor any resulting surgery can proceed while Ms. Fenderson remains in pre-sentencing detention.

(3) <u>Delay Until Sentencing—and Beyond—Will Unreasonably Postpone Necessary Care, and the Government's Anticipated Arguments Are Not Grounds for Denial</u>

The Government has indicated that it will oppose Ms. Fenderson's release by pointing to the Bureau of Prisons' ability to eventually provide care. It also suggests it may offer a letter from a BOP medical director outlining what care could be made available after sentencing. But that prospective assurance does not resolve the immediate and apparently undisputed fact: Ms. Fenderson is currently in a facility that cannot provide the next step in her care. The BOP's capacity to treat her at some future date does not excuse several additional months of pain and functional impairment in the meantime—especially when her provider already referred her for surgical evaluation and that process cannot even begin while she remains detained.

Moreover, it is not the BOP that is presently responsible for her care. The question under § 3142(i) is whether the *current* conditions of confinement can accommodate her medical needs—not whether the Marshals or the Government can offer hypothetical reassurances about what might happen later, once a sentence is imposed and a designation made. That process will not be immediate. Even after sentencing, additional time is typically required before BOP designation and transfer, particularly to a medical facility.

The Government also previewed that it may present evidence that Ms. Fenderson traveled frequently during the period of her treatment, which it contends undermines the severity of her condition. But such evidence is immaterial. Pain is not binary, nor is suffering negated by efforts to maintain one's obligations or manage symptoms with temporary relief. Dr. Macey's records reflect that the benefit from prior injections was short-lived and that Ms. Fenderson continued to experience significant pain and functional difficulty. That she attempted to carry on during that time does not change the medical assessment that a surgical consult was the next appropriate step

in her treatment plan. Her willingness to tolerate discomfort in the past does not justify imposing months of avoidable suffering in the future.

(4)     Release Can Be Structured with Conditions to Ensure Appearance and Safety

Ms. Fenderson has been on strict pretrial release since November 2023, including home incarceration, electronic monitoring, and supervision by a third-party custodian. She was also on release for a substantial period before that while facing related charges in state court. Throughout this time, she has remained fully compliant with all conditions and has not posed any risk of flight or danger to the community.

While the Court previously noted concern about potential obstruction, including possible efforts to destroy evidence, that concern should be weighed against her consistent and verifiable record of compliance under the very conditions the Court already deemed appropriate. Those same measures—home confinement, GPS monitoring, and a third-party custodian—remain available to ensure accountability during any period of temporary release for medical care.

Given her history of full compliance, the limited time remaining before sentencing, and the fact that she cannot obtain necessary medical treatment while detained, there is no compelling reason to deny temporary release subject to appropriate conditions.

## IV. CONCLUSION

Ms. Fenderson respectfully requests temporary release under 18 U.S.C. § 3142(i) so she can obtain medical care that is unavailable during pre-sentencing detention. She has been fully compliant with strict release conditions—including home incarceration, GPS monitoring, and third-party supervision—and those same conditions can be reinstated.

WHEREFORE, Ms. Fenderson requests that the Court grant temporary release subject to the same or similar conditions previously imposed, or as otherwise deemed appropriate by the Court.

Respectfully submitted,

/s/Brandon Sample
CRIMINAL CENTER LLC
VT Bar No 5573
1701 Pennsylvania Ave N.W. # 200
Washington, DC 20006[1]
Tel : 202-990-2500
Fax : 202-990-2600
E-mail : brandon@criminalcenter.com


/s/Mark A. Jones
BELL, DAVIS & PITT, P.A.
North Carolina Bar # 36215
100 North Cherry Street, Suite 600
Winston-Salem, NC 27101
Phone (336) 714-4122
Facsimile (336) 714-4101
Email: mjones@belldavispitt.com

---

[1] Mr. Sample is admitted to practice in Vermont and limits his practice to federal law matters before federal courts and agencies around the United States.